PER CURIAM:
Claimant brought this action for damage to a tire on his 1983 Chevrolet Caprice which occurred when he was traveling on 1-64 westbound at the Eisenhower Drive exit and his vehicle went over a piece of metal laying on the highway. 1-64 in Beckley, Raleigh County, is maintained by respondent. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant testified that he was driving westbound off of the 1-64 ramp at the Eisenhower Drive exit when he realized that his vehicle had run over a piece of metal approximately a foot in length and two inches thick. He could not describe it in detail because he only viewed as it flew from beneath his vehicle. He had to drive off the exit *134 ramp before he was able to stop to check any damage to his vehicle. The piece of metal had damaged the right front tire whichhad to be replaced at a cost to claimant of $ 119.50.
Respondent did not offer any witnesses or evidence in this claim.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant claim, claimant has not provided the Court with any basis to find negligence upon the respondent. There was no activity on going in the area such as construction to explain the presence of a piece of metal on the roadway.
In view of the foregoing, the Court is of the opinion to and does deny tins claim.
Claim disallowed.